IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**PIERRE COCHRAN,**

**Defendant.**                                                      **No. 05-CR-30019-DRH**

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

       Pending before the Court are Defendant Cochran's motions to suppress statements and "consensual" recordings (Docs. 12 & 13). The Government opposes the motions arguing that they are merely "boilerplate" motions. The Court agrees. Based on the following, the Court denies the motions.

       Evidentiary hearings on motions to suppress are not granted as a matter of course but are held only when the defendant alleges sufficient facts which if proven would justify relief." ***United States v. Coleman*, 149 F.3d 674, 677 (7th Cir. 1998)(citing *United States v. Woods*, 995 F.2d 713, 715 (7th Cir. 1993)("A trial court is required to grant a suppression hearing only when a defendant presents facts justifying relief."))**. As the ***Coleman*** court explained: "Evidentiary hearings are warranted only when the allegations and moving papers are sufficiently definite,

specific and non-conjectural and detailed enough to enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact which will effect the outcome of the motion." **149 F.3d at 667**. The burden is on the parties requesting the hearing to show that there are disputed issues of material fact that require an evidentiary hearing. ***United States v. Rollins*, 862 F.2d 1282, 1291 (7th Cir. 1988)**.

Under these standards, a hearing on Cochran's motions to suppress is clearly unnecessary. Cochran has offered no specifics showing such issues. There is no need for a hearing based upon a sentence or two of boilerplate claims. The same applies to the merits of his motions. The Court finds that they lack specificity and that they are clearly boilerplate. Accordingly, the Court **DENIES** Cochran's motion to suppress statements and motion to suppress "consensual" recordings (Docs. 12 & 13). Cochran may seek leave to file new motions to suppress if they are substantiated, specific as to the matters sought to be suppressed and the grounds on which suppression is sought, as well as supported by appropriate authority.

**IT IS SO ORDERED.**

Signed this 25th day of April, 2005.

/s/   David RHerndon
**DAVID R. HERNDON**
**United States District Judge**